**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

KIMBERLY BEEN,

       Plaintiff,

v.                                       Case No. CIV 09-0726 MV/WDS

NEW MEXICO DEPARTMENT OF
INFORMATION TECHNOLOGY ("Do-IT"), et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Objections to Court's Minute Order Relating to Discovery of Information About Pregnant Employees, filed June 3, 2010 **[Doc. No. 62]**.

**BACKGROUND**

This lawsuit arises out of Plaintiff's termination from her employment with the New Mexico Department of Information Technology ("Do-IT"). Plaintiff asserts claims against Do-IT and three employees of Do-IT alleging, among other things, that they discriminated against her on the basis of her gender and pregnancy and wrongfully terminated her from Do-IT; that Plaintiff's termination was in violation of her due process rights, as she was a classified employee with a protected property interest in her job and was not provided with the required notice and opportunity to be heard prior to her termination; that Do-IT violated the Family Medical Leave Act ("FMLA") by interfering with Plaintiff's attempt to exercise her rights under the Act and by retaliating against her for seeking FMLA leave; and that Do-IT breached an implied contract with Plaintiff by failing to provide Plaintiff with progressive discipline or with

notice and an opportunity to be heard prior to her termination **[Doc. No. 15]**.

On November 3, 2009, Plaintiff served her First Set of Interrogatories on Do-IT, which included Interrogatory No. 12 **[Doc. No. 16]**.  Interrogatory No. 12 asks:

> Please list the name, address and telephone number of each and every individual who has been pregnant while working for Do-IT from the inception of the agency [July 1, 2007] to the present.  Please list the name, address and telephone number of each and every individual whom any of the individual defendants have worked with in the past five years who have been pregnant.

**[Doc. No. 34-1]**.  Do-IT did not provide the information requested by Interrogatory No. 12, but instead objected on the basis that the Interrogatory sought personal and confidential information protection under Section 14-2-1 NMSA and/or HIPAA **[*Id.*]**.  In response to concerns Plaintiff raised regarding Do-IT's response to Interrogatory No. 12, Do-IT represented that there are three current Do-IT employees who have been pregnant and agreed to, and did, provide information regarding these individuals to Magistrate Judge Schneider for an *in camera* review **[Doc. Nos. 42 at 4 & 42-2]**.

Plaintiff subsequently filed her First Motion to Compel Discovery from Defendant Do-IT **[Doc. No. 34]**, which *inter alia* sought to compel Do-IT to respond to Interrogatory No. 12. Plaintiff maintained that "Do-IT's submission of information about pregnant employees at Do-IT to the Court through a letter requesting *in camera* inspection is insufficient to address Interrogatory No. 12, as that Interrogatory sought information not only about Do-IT employees, but also about any pregnant women the individual defendants worked with in the past five years" **[Doc. No. 46 at 5]**.

Thereafter, the parties reached a stipulation resolving the issues set forth in Plaintiff's Motion to Compel and Magistrate Judge Schneider entered a Stipulated Order to Resolve Plaintiff's Motion to Compel Discovery from Do-IT **[Doc. No. 57]**.  That Stipulated Order

provides, *inter alia*:

> Defendants agree to provide a supplemental response to Interrogatory No.12 regarding contact information for any pregnant women with whom the individual Defendants worked in the last five years.  This is in addition to any information which the Court may release pursuant to its *in camera* review of files provided by Defendants.  Defendants shall provide this information by April 15, 2010.

**[*Id.* at ¶ 5]**.

Finally, on May 25, 2010, Magistrate Judge Schneider entered a Minute Order that addressed the documents produced for *in camera* review **[Doc. No. 61]**.  The Minute Order provides in full:

> The Court has completed its *in camera* review of the documents submitted by Defendant in connection with Plaintiff's Interrogatory No. 12.  The documents reflect three requests for leave under FMLA, each of which was approved.  The effective dates for the leave requests were July 19, 2007; January 15, 2008; and October 26, 2009.  All three applicants appear to have been considered at all times to be permanent employees.  Defense counsel is instructed to notify the Court if this is *not* the case.

> The Court has reviewed Plaintiff's complaint and Defendant's answer, and the issue in this case appears to be whether Plaintiff was rightly or wrongly classified as a probationary rather than permanent employee in the summer of 2007, and the impact that her probationary classification had on:  1) her request for leave under FMLA and 2) the manner in which she was terminated for purported "job abandonment."  The Court finds that the privacy interests of the three employees referenced above outweigh the probative value of the documents produced for *in camera* review.  Accordingly, the Court will not order production of the documents.

> IT IS SO ORDERED.

## ANALYSIS

On June 3, 2010, Plaintiff filed the instant objections to Magistrate Judge Schneider's Minute Order **[Doc. No. 62]**.  Notably, however, Plaintiff's primary argument in the objections appears to be that she is entitled to a complete response to Interrogatory No. 12.  Interrogatory

No. 12 does not, itself, call for the production of files, rather it calls for (1) the names and contact information for each individual who has been pregnant while working for Do-IT and (2) the names and contact information for each individual whom any of the individual defendants have worked with in the past five years who has been pregnant.  Per the Stipulated Order entered by Judge Schneider on April 22, 2010, this information should have been produced **[Doc. No. 57 at ¶ 5]**.  While this Court notes that the Stipulated Order refers specifically to providing contact information for any pregnant women with whom the individual Defendants worked in the last five years, as all of the individual Defendants are employees of Do-IT, it may well encompass the three employees whose files were presented to Magistrate Judge Schneider for *in camera* review.  To the extent there is ambiguity, however, this Court now orders that names and contact information for these three employees be produced.  Accordingly, to the extent that Do-IT has not already provided the names and contact information for the women encompassed by Interrogatory No. 12, including the three Do-IT employees, it should do so within 14-days after entry of this Order.

To the extent that Plaintiff is seeking not just a complete response to Interrogatory No. 12, but also production of the documents reviewed *in camera* by Magistrate Judge Schneider, this Court will reserve ruling on the specific documents.  First, as Plaintiff's own motion acknowledges, "Plaintiff did not seek in Interrogatory No. 12 to obtain files," but will seek copies of relevant files at a later juncture **[Doc. No. 62 at 5]**; accordingly, it would appear premature to address specific documents at this juncture.  Second, as this Court is ordering contact information be produced to Plaintiff, Plaintiff may wish to contact the three individuals directly and, in doing so, may be able to determine more narrowly what information she deems

relevant, as well as assess each individual's specific concerns regarding privacy.  If, after Do-IT

has provided Plaintiff with the names and contact information required by Interrogatory No. 12,

Plaintiff thereafter determines that the information previously provided to Magistrate Judge

Schneider is relevant and responsive to outstanding discovery requests and the parties are unable

to reach an agreement regarding its production, Plaintiff may request that Do-IT provide the

previously submitted materials to this Court to conduct a further *in camera* review.[1]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Do-IT shall provide a complete response to

Interrogatory No. 12 (which requires identification of names and contact information, but not

production of documents) no later than 14-days after entry of this Order.  This Court reserves

any further ruling on the production of those documents previously submitted to Magistrate

Judge Schneider for *in camera* review.

DATED this 2nd day of July, 2010.

_____
MARTHA VAZQUEZ
Chief United States District Judge

Attorneys for Plaintiff:
Linda G. Hemphill, Esq.
Paul W. Grace, Esq.
Diane Garrity, Esq.

Attorney for Defendants:
M. Karen Kilgore, Esq.

---

[1] In any meet and confer regarding production of the documents, the parties should discuss whether privacy concerns can be addressed via the redaction of sensitive information.