**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

KIMBERLY BEEN,

Plaintiff,

v. Case No. 6:09-cv-00726 MV/WDS

NEW MEXICO DEPARTMENT OF
INFORMATION TECHNOLOGY ("DoIT"), et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion for Partial Judgment on the Pleadings, filed August 6, 2010. (Doc. 76). The Court will grant the motion in part and deny the motion in part as set forth below.

**BACKGROUND**

This lawsuit arises out of Plaintiff's termination from her employment with the New Mexico Department of Information Technology ("DoIT"). Plaintiff asserts claims against DoIT and four state employees alleging, among other things, that she was discriminated against on the basis of her gender and pregnancy and wrongfully terminated from DoIT; that Plaintiff's termination was in violation of her constitutional rights, including her rights to due process and equal protection; that DoIT violated the Family Medical Leave Act ("FMLA") by interfering with Plaintiff's attempt to exercise her rights under the Act and by retaliating against her for seeking FMLA leave; and that DoIT breached an implied contract with Plaintiff and an implied covenant of good faith and fair dealing by failing to provide Plaintiff with progressive discipline or with notice and an opportunity to be heard prior to her termination. (Doc. 64).

One of the key disputes in this case is Plaintiff's employment status at the time of her

termination in late August 2007 and specifically whether she was a probationary employee at DoIT or a classified, permanent employee. Plaintiff alleges that in January 2007, she was a full-time, permanent, classified employee of the New Mexico Department of Human Services ("HSD"), having previously completed her probationary period. (*Id.* at ¶ 9). She alleges that on or about January 26, 2007, an employee of New Mexico General Services ("GSD") requested permission to hire Plaintiff to work for GSD and on February 2, 2007, GSD employee Gloria Lucero sent a memorandum stating that Plaintiff would begin work with GSD on February 24, 2007. (*Id.* at ¶ 10). Plaintiff further alleges that the form used to indicate the type of personnel action being processed indicated that Plaintiff's move from HSD to GSD was a "transfer," as did other documents. (*Id.* at ¶¶ 11-12). Plaintiff alleges that contrary to the approvals in place indicating that Plaintiff was tranferring to GSD, Ms. Lucero entered information into an automated information system indicating that the personnel transaction was a re-hire rather than a transfer. (*Id.* at ¶ 11). Plaintiff contends that Ms. Lucero did not notify her about the change or require her to execute an acknowledgment of employment status form in violation of NMAC 1.7.2.14. (*Id.*). Plaintiff further contends that on or about April 4, 2007, she signed a State of New Mexico Enrollment/Change form that acknowledged that she was a transfer employee. (*Id.*). Effective July 1, 2007, some GSD employees, including Plaintiff, became employees of DoIT, a newly created agency. (*Id.* at ¶ 12). Plaintiff contends that at no time during the course of her employment with GSD or DoIT was she ever told that she was not a permanent, classified employee or that she was required to serve a new probationary period. (*Id.*). She further alleges that in late June or early July 2007, she was given a yearly performance evaluation and told she was eligible for a pay raise and that only classified employees receive annual evaluations to determine eligibility for raises. (*Id.*).

Defendants, by contrast, contend that at the time of her termination in late August 2007, Plaintiff was a probationary employee who, among other things, was not entitled to notice and an opportunity to be heard prior to termination. Specifically, Defendants allege that on February 2, 2007, Plaintiff resigned from her position at HSD and thus was properly classified as a re-hire employee (subject to a new probationary period) rather than a transfer employee. (Doc. 38).

By the instant motion, Defendants request that the Court dismiss the claims set forth in Count II of Plaintiff's Seconded Amended Complaint, alleging that Defendants discriminated against Plaintiff in violation the New Mexico Human Rights Act ("NMHRA"), as to Defendants Michael Martinez and Gloria Lucero for failure to exhaust administrative remedies; dismiss Count V of Plaintiff's Seconded Amended Complaint, which alleges DoIT breached an implied contract and implied covenant of good faith and fair dealing; dismiss Count VI, which alleges that Defendant Gloria Lucero violated Plaintiff's constitutional rights; dismiss Plaintiff's claim for emotional distress damages as to Count IV of the Seconded Amended Complaint, which alleges a violation of the FMLA; and strike the phrase "in the sum of double Plaintiff's lost wages" from the liquidated damages claimed in Count IV. Each of these requests is addressed below.

## ANALYSIS

### A. Count II Claims Against Defendants Michael Martinez and Gloria Lucero

Count II of Plaintiff's Seconded Amended Complaint, which brings a claim pursuant to the NMHRA, alleges that Defendants DoIT, Pearl Rudolf, Elisa Storie, and Michael Martinez "engaged in unlawful employment practices by discriminating against Plaintiff based on gender/pregnancy in connection with terminating her employment and denying her appropriate leave." (Doc. 64 at ¶ 36). Defendants contend that Count II must be dismissed for lack of

subject matter jurisdiction as to Defendant Michael Martinez because Plaintiff has not exhausted her administrative remedies as to her NMHRA claim against Mr. Martinez. In Plaintiff's response to the motion, Plaintiff represents that she does not contest that portion of the motion in which Defendants contend that Michael Martinez is not properly named as to the NMHRA claim and further states that she "is willing to enter into a Stipulated Order dismissing Martinez from her cause of action based on violation of the NMHRA." (Doc. 79 at p. 2 & n.2). As the parties are in agreement that the NMHRA claim against Mr. Martinez should be dismissed, the Court will grant this portion of Defendants' motion and dismiss Count II as to Defendant Michael Martinez without prejudice.

Next, Defendants observe that though paragraph 36 of Count II specifically names Defendants DoIT, Pearl Rudolf, Elisa Storie, and Michael Martinez, at the end of Count II, Plaintiff prays for judgment against "all Defendants," which could be interpreted as including one additional Defendant, namely Gloria Lucero. (Doc. 64 at p. 10). Defendants argue that to the extent that Plaintiff is seeking judgment against Ms. Lucero regarding any NMHRA claim, the claim against Ms. Lucero should likewise be dismissed for lack of subject matter jurisdiction. In her opposition to the motion, Plaintiff clarifies that the language "all Defendants" in Count II is not intended to reference Ms. Lucero and that it was not her intent to bring an NMHRA claim against Ms. Lucero. (Doc. 79 at pp. 2 & 7). As Count II was never intended to reach Ms. Lucero, this matter need not be addressed further. The Court will hold Plaintiff to her representation that Count II does not state a claim against Ms. Lucero.

**B. Plaintiff's Claim for Breach of Implied Contract**

DoIT contends that, as a governmental entity, it is immune from actions based on contract, except where the action is based on a valid written contract. NMSA 1978,

§ 37-1-23(A). DoIT argues that this immunity is applicable here as Plaintiff has not alleged a valid written employment contract, nor has she identified a personnel or employment manual that might constitute an implied employment contract.

Section 37-1-23(A) provides: "Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." NMSA 1978, § 37-1-23(A). In the employment context, however, the Supreme Court of New Mexico has expressly held that the limited waiver of immunity for suits based on written contract extends to an implied employment contract based on a written personnel policy. *Garcia v. Middle Rio Grande Conservancy Dist.*, 121 N.M. 728, 732–34, 918 P.2d 7, 11-13 (N.M. 1996). The Court in *Garcia* also recognized that such implied employment contracts could arise from other writings, such as employee handbooks and personnel manuals; the pertinent question is whether the writing that allegedly results in the implied employment contract controls the employer-employee relationship such that an employee could reasonably expect his or her employer to conform to its provisions. 121 N.M. at 731–32, 918 P.2d at 10-11; *see also Whittington v. State Dep't of Pub. Safety*, 136 N.M. 503, 505-09, 100 P.3d 209, 211-15 (N.M. Ct. App. 2004) (noting that "[i]t is well established that employee handbooks, personnel policy guides, and similar documents may constitute implied employment contracts" and finding a waiver of governmental immunity under § 37-1-23(A) where an implied employment contract existed based on a department manual). Accordingly, Plaintiff need not allege a written employment contract existed, but instead may allege facts sufficient to establish an implied employment contract based on writings that control the employer-employee relationship.

In arguing that Plaintiff's Second Amended Complaint does not sufficiently allege an implied employment contract, Defendants rely on paragraph 53 of the Second Amended

Complaint, in which Plaintiff alleges:

> The rules and regulations of the State Personnel Board, as well as the memoranda, letters, forms and other documents, including Plaintiff's June or July, 2007 performance appraisal, and the actions and inactions of personnel at HRD, GSD and DoIT directly or impliedly acknowledged that Plaintiff transferred her HRD status as a permanent, classified employee to GSD and then to DoIT. Such documents, in combination with actions and inactions concerning Plaintiff's status, clearly establish that Plaintiff was not subject to a new probationary period, that DoIT failed to notify Plaintiff that her status as a career/non-probationary employee had changed when she transferred to GSD in February 2008 and establish an implied contract between Plaintiff and DoIT that it would provide her all of the protections available to permanent classified employees under state law, including but not limited to progressive discipline and notice and an opportunity to be heard prior to termination of her employment.

(Doc. 64 at ¶ 53). Defendants contend that Plaintiff has merely alleged "unspecified 'rules and regulations of the State Personnel board,' along with unspecified 'memoranda, letters, forms and other documents including Plaintiff's June or July 2007 performance appraisal,' and unspecified 'actions and inactions of' unspecified 'personnel at HRD, GSD and DoIT' allegedly 'acknowledged that Plaintiff transferred her HRD status as a permanent, classified employee to GSD and then to DoIT'" and that these allegations are insufficient to constitute an implied employment contract between Plaintiff and DoIT. (Doc. 77 at pp. 6-7 (quoting Doc. 64 at ¶ 53)).

Defendants, however, fail to acknowledge other allegations contained in Plaintiff's Second Amended Complaint. In paragraph 9 of her Seconded Amended Complaint, Plaintiff alleges that she "was a full-time, permanent, classified employee, entitled to the protections of the State Personnel Act, NMSA 1978, § 10-9-1 et. seq." and that as a classified employee, she "could not be terminated without 'just cause,' progressive discipline and notice and an opportunity to be heard prior to termination." (Doc. 64 at ¶ 9). In paragraph 54 of her Second Amended Complaint, Plaintiff alleges that "DoIT breached its contract with Plaintiff by failing or refusing to provide Plaintiff with the progressive discipline or with notice and an opportunity

to be heard [as] mandated by [State Personnel Board] rules and regulations prior to termination of her employment." (*Id.* at ¶ 54). In addition, Plaintiff's Second Amended Complaint identifies certain other regulations promulgated under the State Personnel Act that she contends were violated. For example, in paragraph 11, Plaintiff alleges that NMAC 1.7.2.14 was violated when Ms. Lucero changed the personnel transaction from a transfer to a re-hire without requiring Plaintiff to execute an acknowledgment of employment status form. (*Id.* at ¶ 11). And in paragraph 24, Plaintiff alleges that Ms. Rudolf "failed to evaluate Plaintiff's eligibility for FMLA in accord with State Personnel Rules" and further alleges that had Ms. Rudolf reviewed NMAC 1.7.7.12, she would have discovered that Plaintiff was eligible for FMLA leave. (*Id.* at ¶ 24).[1]

This Court finds that the aforementioned allegations sufficiently allege an implied employment contract such that immunity is waived pursuant to § 37-1-23(A). In so holding, this Court notes that in *Barreras v. State of New Mexico Corrections Department*, 133 N.M. 313, 62 P.3d 770 (N.M. Ct. App. 2002), the Court of Appeals of New Mexico recognized that the State Personnel Act, along with its attendant rules and regulations, "have attributes of an employ[ment] contract, because they control the employer-employee relationship and give rise to reasonable employee expectations." 133 N.M. at 315, 62 P.3d at 772 (internal quotations omitted). The Court further explained that "the State Personnel Act and [its] attendant rules, regulations, and policies create enforceable rights in state employees." *Id.* Applying *Barreras*, Courts in this District have previously recognized that plaintiffs sufficiently allege an implied

[1] In addition to identifying the State Personnel Act, and certain regulations promulgated thereunder, Plaintiff's complaint also identifies a number of specific documents that she contends support her allegation that she was a full-time, permanent, classified employee rather than a probationary employee at the time of her termination. (Doc. 64 at ¶¶ 10-12).

employment contract where they allege that they were employed as classified employees covered by the State Personnel Act. *See Eoff v. New Mexico Corr. Dep't.*, Nos. CIV 10-0598 JB/RHS, CIV 10-0599 JB/DJS, CIV 10-0600 JB/WDS, 2010 WL 5477679, at *10 (D.N.M. Dec. 20, 2010).

*Barreras*, however, raises a separate issue that has not been briefed by the parties. In *Barreras*, the Court found that while the State Personnel Act and its attendant rules and regulations gave rise to enforceable rights, the exclusive remedy for a breach-of-contract claim based on an alleged violations of such rights is that granted by the Act. 133 N.M. at 316-18, 62 P.3d at 773-75. Accordingly, the Court found that employees discharged in alleged violation of the State Personnel Act could not elect to bypass their administrative remedies and instead file a lawsuit directly in court on a breach of implied contract theory; it thus affirmed the dismissal of the plaintiffs' contract claims for failure to pursue the remedies set forth in the State Personnel Act. *Id.*; *see also Eoff*, 2010 WL 5477679, at *11-14 (dismissing breach-of-contract claims based on contract rights arising from the State Personnel Act because the Act provides the exclusive remedy for such claims). As this issue has not been briefed by the parties, the Court will not address it further at this time. Instead, the Court will deny Defendants' Motion for Partial Judgment on the Pleadings as to Plaintiff's breach-of-implied-contract claim, but will do so without prejudice to a subsequent motion addressing whether Plaintiff's breach-of-implied-contract claim may proceed in light of the exclusivity issue raised in *Barreras.*

**C. Plaintiff's Claim for Breach of Implied Covenant of Good Faith and Fair Dealing**

In their motion, Defendants contend in a single paragraph that as Plaintiff had no written employment agreement, she was an at-will employee and thus her claim for breach of the implied covenant of good faith and fair dealing must be dismissed. Defendants cite *Henning v.*

*Rounds*, 142 N.M. 803, 808, 171 P.3d 317, 322 (N.M. Ct. App. 2007), for the proposition that New Mexico courts do not recognize breach of an implied covenant of good faith and fair dealing as a cause of action in New Mexico in at-will employment relationships. However, as discussed above, this Court has found that Plaintiff has sufficiently alleged the existence of an implied employment contract such that Plaintiff's employment was not terminable at-will. Accordingly, like Plaintiff's breach-of-implied-contract claim, this Court will deny Defendants' Motion for Partial Judgment on the Pleadings as to Plaintiff's claim for breach of an implied covenant of good faith and fair dealing, but will do so without prejudice to a subsequent motion addressing whether this claim may proceed in light of the exclusivity issue raised in *Barreras*.[2]

**D. Plaintiff's Section 1983 Claim Against Ms. Lucero**

In Count VI of her Seconded Amended Complaint, which is brought against Ms. Lucero, Plaintiff alleges:

> 58. Plaintiff had a protected "property interest" in her job as a result of her status as a classified employee whose employment could not be terminated without notice and an opportunity to be heard, use of progressive discipline and "just cause." The action of Lucero to change Plaintiff's employment status from one of a transfer to a re-hire was in violation of Plaintiff's property interests in her employment. Lucero's actions caused Been to be considered a probationary employee, when Been ha[d] already completed her probationary period and where all of the paperwork associated with Been's position with the General Services Department indicates that Been was [ ] transferring from one state agency to another.
>
> 59. Lucero did not provide notice to Been that her employment status was changed. Been reasonably believed that she transferred from the Human Services Department to the General Services Department and that she did not have to serve another one-year probationary period.

---

[2] In their reply brief, Defendants argue that Plaintiff has cited no authority for the proposition that the covenant of good faith and fair dealing applies to implied contracts. However, as this argument was not raised by Defendants in their moving papers, this Court will not address it here as it has not been adequately briefed by the parties.

> 60. Lucero failed to provide any paperwork in accord with State Personnel Board rules to require Been to acknowledge the conditions of her employment status, in violation of NMAC 1.7.2.14, after Lucero changed Been's transfer paperwork to that of a rehired state employee. These and other actions and inactions by Lucero caused a deprivation of Plaintiff's constitutional rights.

It is Plaintiff's contention that by the aforementioned actions, Ms. Lucero deprived Plaintiff of a property interest in her employment in violation of her due process rights.

In their Motion for Partial Judgment on the Pleadings, Defendants argue that even assuming that Ms. Lucero changed Plaintiff's employment status from that of a transferred employee to that of a rehired employee, Ms. Lucero did not deprive Plaintiff of a property interest as "Plaintiff had no property right to be identified as a rehired employee rather than a transferred employee" and "likewise had no property right to notice that her employment status was that of a rehired employee rather than a transferred employee, or to receive any particular paperwork in connection with her alleged 'change' in employment status." (Doc. 77 at p. 9).

It is of course true, as Defendants note, that the procedural component of the Due Process Clause does not protect everything that may be described as a benefit; rather, to have a property interest in a benefit, a person must have a legitimate claim of entitlement to it. *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756 (2005). It is likewise true that absent a property right, "any procedural problems do not implicate the Due-Process Clause." *Chavez-Rodriguez v. City of Santa Fe,* No. CIV 07-0633 JB/DJS, 2008 WL 5992271, at *15 (D.N.M. Oct. 9, 2008). However, Plaintiff has not alleged merely a procedural right to be classified in a certain manner or to receive notice before a change in her classification. Rather, Plaintiff is alleging that she was deprived of a property right in her employment. Specifically, Plaintiff has alleged that pursuant to state law, as a classified employee, she could be terminated only for just cause. This is sufficient to allege a property right in her employment. *Hennigh v. City of Shawnee*, 155 F.3d

1249, 1253 (10th Cir. 1998) (noting that "[t]he standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment" and recognizing that a property interest arises where state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions). By changing her classification from transfer to rehire, Ms. Lucero allegedly deprived Plaintiff not merely of procedural rights, but of the substantive right to be terminated only for just cause. While Defendants appear to be arguing that because Ms. Lucero was not involved in the decision to terminate Plaintiff, she did not deprive Plaintiff of a property interest in her employment, the very act of reclassifying Plaintiff allegedly removed the restriction that she be terminated only for just cause and, according to Plaintiff, effectively extinguished her property interest. In other words, but for Ms. Lucero's actions, Plaintiff alleges that she could not have been terminated. The Court therefore declines to grant Ms. Lucero judgment on the pleadings as to this claim.

**E. Plaintiff's Damage Claims as to Count IV**

Count IV of the Second Amended Complaint alleges that DoIT violated the FMLA. In paragraph 50, which relates to Count IV, Plaintiff alleges that she "has suffered and will continue to suffer damages in an amount to be proved at trial, which include but are not limited to: a) past and future lost wages and benefits, including retirement; b) lost unemployment benefits; and c) emotional distress related to the termination of her employment, the manner of termination, the loss of her child and the stigma of having to report to future employers that she was terminated by DoIT for job abandonment." (Doc. 64 at ¶ 50). In the prayer for relief as to Count IV, Plaintiff "prays for judgment against Defendant, DoIT, for compensatory damages, interest as allowed by law, liquidated damages in the sum of double Plaintiff's lost wages and attorney's fees and costs, all in an amount to be determined at trial, plus such other and further

relief as the Court deems just and proper." (*Id.* at p. 13). Count IV's prayer for relief does not mention alleged damages for emotional distress.

First, Defendants seek dismissal of Plaintiff's claim for emotional distress damages as to Count IV on the basis that such damages cannot be recovered for violation of the FMLA. 29 U.S.C. § 2617(a)(1); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1277 (10th Cir. 2001). In her response, Plaintiff represents that she "recognizes that emotional distress damages, per se, are not recoverable under the FMLA" and explains that she "has not sought those damages in her prayer for relief." (Doc. 79 at p. 16). As Plaintiff has represented that she is not seeking emotional distress damages, this Court will not address this matter further, but will hold Plaintiff to her representation.

Second, Defendants argue that Plaintiff is improperly seeking liquidated damages in the sum of double her alleged lost wages as to Count IV. 29 U.S.C. § 2617(a)(1) provides:

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected–
>
> (A) for damages equal to--
>
> (i) the amount of--
>
> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>
> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
>
> (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

Defendants contend that as Plaintiff's prayer for relief as to Count IV "prays for judgment against Defendant, DoIT, for compensatory damages, interest as allowed by law, liquidated damages in the sum of double Plaintiff's lost wages and attorney's fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper" (Doc. 64 at p. 13), Plaintiff is impermissibly seeking "to triple the size of any award of back pay and damages." (Doc. 77 at p. 11). Plaintiff thus requests that this Court strike the phrase "in the sum of double Plaintiff's lost wages" from the request for liquidated damages.

In response, Plaintiff asserts that she "is not seeking to triple the amount of her pecuniary losses," but rather "is only seeking what she is statutorily entitled to receive: compensatory damages as defined by the statute, which will be multiplied by two, if the Court concludes that Do-IT did not act in good faith." (Doc. 79 at pp. 16-17). The parties are thus in agreement as to what may be sought under the statute and the only dispute is regarding the manner in which Plaintiff has worded her request for relief. As to this wording, the Court is in agreement with Defendants that the manner in which Plaintiff's prayer for relief is currently worded suggests that Plaintiff is seeking both compensatory damages plus "liquidated damages in the sum of double Plaintiff's lost wages," resulting in an award that is triple her lost wages. Accordingly,

this Court finds that the phrase "in the sum of double Plaintiff's lost wages" should be struck from Count IV's prayer for relief, such that the prayer for relief will read: "WHEREFORE, Plaintiff prays for judgment against Defendant, DoIT, for compensatory damages, interest as allowed by law, liquidated damages and attorney's fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper."

## CONCLUSION

**IT IS THEREFORE ORDERED** that Count II of Plaintiff's Second Amend Complaint, which alleges a claim under the New Mexico Human Rights Act, is dismissed without prejudice as to Defendant Michael Martinez.

**IT IS FURTHER ORDERED** that Plaintiff will be held to her representation that Count II of her Second Amended Complaint does not allege a claim against Defendant Gloria Lucero.

**IT IS FURTHER ORDERED** that Defendants' request that this Court dismiss Count V of Plaintiff's Second Amended Complaint, which alleges breach of implied contract and breach of implied covenant of good faith and fair dealing, is denied. This denial, however, is without prejudice to a subsequent motion addressing whether these claims may proceed in light of the exclusivity issue raised in *Barreras v. State of New Mexico Corrections Department*, 133 N.M. 313, 62 P.3d 770 (N.M. Ct. App. 2002).

**IT IS FURTHER ORDERED** that Defendants' request that this Court dismiss Count VI of Plaintiff's Second Amended Complaint, which alleges a § 1983 claim against Gloria Lucero, is denied.

**IT IS FURTHER ORDERED** that Plaintiff will be held to her representation that she is not seeking emotional distress damages as to Count IV of her Second Amended Complaint,

which alleges a violation of the FMLA.

**IT IS FURTHER ORDERED** that the phrase "in the sum of double Plaintiff's lost wages" is struck from the prayer for relief as to Count IV of Plaintiff's Second Amended Complaint.

DATED this 29th day of March, 2011.

MARTHA VAZQUEZ
United States District Court Judge

Attorneys for Plaintiff:
Linda G. Hemphill, Esq.
Paul W. Grace, Esq.
Diane M. Garrity, Esq.

Attorney for Defendants:
M. Karen Kilgore, Esq.